### MERSEREAU v. MERSEREAU.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

1. APPEAL—HARMLESS ERROR.
   Error in admitting incompetent evidence is harmless, where the fact was proved by independent evidence, and was not disputed.
2. EVIDENCE—COMPETENCY—OBJECTION.
   An objection to the admission in evidence on the part of plaintiff of a written agreement, when there was nothing to show that it was not admissible, was not competent to raise the question whether the agreement was competent, in view of evidence subsequently introduced by defendant.
3. SAME—MOTION TO STRIKE OUT.
   The question whether a written agreement, properly admitted in evidence, is competent, in view of facts subsequently appearing, must be raised by a motion to strike out the agreement.

Appeal from special term, New York county.

Action by Clara E. Mersereau against James H. Mersereau for a divorce. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Robert H. Griffin, for appellant.
J. Delahunty, for respondent.

INGRAHAM, J. We think the confession of the defendant competent evidence, and that it was sufficiently corroborated to sustain a finding in favor of the plaintiff. The only questions that require discussion are those relating to the admission of the letter from the defendant to the plaintiff, and the instrument signed by the defendant. Assuming that the letter from the defendant to the plaintiff was inadmissible, we think that its admission did not injure the defendant, as its only materiality was the statement that the defendant was

suffering from a disease at the time the letter was written, and that fact was proved by independent evidence, and was not disputed.

As to the agreement, the defendant testified, on cross-examination, that he signed it, and it was then offered in evidence and admitted. There was then nothing to show that it was not admissible, and consequently it was not error to receive it. If it subsequently appeared that it was executed under circumstances which made it inadmissible in evidence, the defendant should have moved to strike it out, in which case the question as to its admissibility upon the evidence of the defendant on his redirect examination would have been presented; but, as no such motion was made, the exception to its admission, no valid objection to it then appearing, was not competent to raise the question as to whether it was competent evidence upon the facts subsequently appearing on the redirect examination of the defendant. As the defendant was a party to the action, the court was not bound to accept his statement of the conditions under which the instrument was executed, and, if such an application to strike it out had been made, a question of fact would have been presented as to whether or not the conditions under which the instrument was executed were such as to make it incompetent. That question of fact was for the trial judge.

Upon the whole case, we do not think that we would be justified in reversing the judgment, and it is therefore affirmed, with costs. All concur.